PD-0828-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/17/2015 3:50:09 PM
Accepted 7/22/2015 3:40:00 PM
ABEL ACOSTA
CLERK

PD-0828-15

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**STATE OF TEXAS,** Petitioner

**vs.**

**JAVIER RODRIGUEZ**, Respondent

      State's Petition for Discretionary review from *State v. Javier Rodriguez*, Cause No. 13-13-00335-CR in the Thirteenth Court of Appeals (originally appealed by the State from *State v. Javier Rodriguez*, Cause No. 11-CR-3843-G in the 319th Judicial District Court, the Hon. Thomas Greenwell presiding)

# JAVIER RODRIGUEZ'S REPLY TO STATE'S PETITION FOR DISCRETIONARY REVIEW

Respectfully submitted by

Donald B. Edwards
State Bar No. 06469050
Law Office of Donald B. Edwards
P.O. Box 3302
Corpus Christi, TX 78463-3302
(361) 774-0962
(361) 887-7009 (fax)
mxlpk@swbell.net

FILED IN
COURT OF CRIMINAL APPEALS

July 22, 2015

ABEL ACOSTA, CLERK

## Table of Contents

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statement concerning oral argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.  This Honorable Court has correctly determined the Transportation Code does not create an exception to the warrant requirement to permit warrantless blood draws.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II.  The Court of Appeals did not hold the lack of explicit refusal took the case out of the purview of 724.012(a).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III.  The Court of Appeals never required the officer to anticipate finding probable cause; it merely held the trial court's finding of no exigent circumstances was supported by the evidence.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV.  The officer's subjective opinion that he didn't need a warrant wasn't merely his subjective opinion; it was the underlying basis for the State having no facts to support the existence of an exigent circumstance... . . . . . . . . . . . . . 10

V.  The Court of Appeals and this Honorable Court have correctly determined remand is not necessary for findings of fact. . . . . . . . . . . . . . . . . . . . . . . . 10

Prayer.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Certificate of Compliance and Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Appendix. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## Index of Authorities

**Cases**

*Cullen v. State*, 195 S.W.3d 696 (Tex. Crim. App.  2006). . . . . . . . . . . . . . . . . . . 11

*Missouri v. McNeely*, 133 S.Ct. 1552 (2013). . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 9

*State v. Villarreal*, 13-13-00253-CR (Tex. App.–Corpus Christi 2014), *aff'd*, PD-0306-14 (Tex. Crim. App. 2014).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*State v. Villarreal*, PD-0306-14 (Tex. Crim. App. Nov. 26, 2014). . . . . . . . . . . . . 5

**Statutes**

TEX. TRANSP. CODE ANN. §724.013. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Statement concerning oral argument**

Respondent contends this case is another of a multitude of *McNeely* type cases facing this Honorable Court and presents no novel questions of law or fact. Respondent thus contends oral argument would not be of significant assistance to this Honorable Court in determining the issues presented. Should this Honorable Court request oral argument from the parties, Respondent requests the right to also appear and argue through undersigned counsel.

**Introduction**

This is another *McNeely* type case presenting a warrantless taking of a DWI suspect's blood without any attempt by the law enforcement personnel to so much as make an inquiry regarding how long it might take to obtain a warrant. The case presents the additional tragic circumstance of the death of the trial judge and the failure to file findings of fact and conclusions of law; however, the trial court made the bases for his ruling clear from the bench. The Court of Appeals correctly denied the State's Motion for Remand, and this Honorable Court refused the State's Petition for Writ of Mandamus regarding the absence of findings of fact. *In re State of Texas ex rel Mark Skurka*, WR-80,394-01 (October 30, 2013). The Court of Appeals also correctly affirmed the trial court's granting of the motion to

suppress, following the ruling of the United States Supreme Court in *Missouri v. McNeely*, 133 S.Ct. 1552 (2013), and this Honorable Court in *State v. Villarreal*, PD-0306-14 (Tex. Crim. App. Nov. 26, 2014).

The arresting officer consistently testified in this case that he saw no need for obtaining consent or a warrant to take the defendant's blood, because that taking was mandated by the Transportation Code. See, e.g., RR p. 47, l. 20 through p. 48, l. 4; RR p. 58, ll. 4-14. At the time the blood was drawn, 50 minutes had passed from the time the defendant was notified his license was being suspended, and he was going to be remaining in the hospital for a long time. DX 1, 2, 4; SX 2, p. 6. There was plenty of time to at least try to get a warrant, and there was no showing of the need to take the blood without first obtaining the warrant.

The defendant wasn't going anywhere. The blood wasn't going anywhere. No one testified to the unavailability of a magistrate in this particular case. There was only some discussion of usual delays of 45 minutes to an hour or an hour to an hour and a half. RR p. 66, ll. 6-16. But no one ever attempted in this case to call for a magistrate despite there being plenty of time to do so. RR p. 67, ll. 1-14.

**I. This Honorable Court has correctly determined the Transportation Code**

**does not create an exception to the warrant requirement to permit warrantless blood draws.**

In *State v. Villarreal*, PD-0306-14, this Honorable Court held the Transportation Code does not create an exception to the warrant requirement to permit a warrantless taking of blood. The State has offered no argument in its petition in this case to distinguish it from *Villarreal*. Respondent would contend this Honorable Court directly decided *Villarreal* in light of the controlling precedent of *Missouri v. McNeely*, 133 S.Ct. 1552 (2013).

Respondent reserves the right to discuss fully the unconstitutionality of a warrantless blood draw in the event this Honorable Court decides to grant this petition and requests briefing on the merits.

**II.  The Court of Appeals did not hold the lack of explicit refusal took the case out of the purview of 724.012(a).**

The Court of Appeals' essential holding regarding implied consent under the Transportation Code had nothing to do with whether defendant refused to consent to the taking of a blood sample. While lack of consent was an issue decided by the trial court and a basis for the motion to suppress, the Court of Appeals decided the implied consent issue on a much simpler ground that it previously held the statute was not intended to circumvent the warrant requirement

6

and did not create an exception to the warrant requirement.  Slip op. at 9.

In a footnote, the State complains the Court of Appeals improperly held it waived an argument that consent was deemed under §724.011.  However, the Court of Appeals provided a similar analysis to the one it provided in *State v. Villarreal*, 13-13-00253-CR (Tex. App.–Corpus Christi 2014), *aff'd*, PD-0306-14 (Tex. Crim. App. 2014).[1]

As a practical matter, the State's argument invites law enforcement personnel to not even give a DWI suspect the chance to refuse to give a sample, which would effectively render the statutory right of refusal a nullity.  *See* TEX. TRANSP. CODE ANN. §724.013.  The arresting officer testified repeatedly that he did not seek consent, since he determined the blood draw was mandatory under §724.012(b).  RR p. 37, ll. 21-25; RR p. 39, ll. 3-22; RR p. 47, l. 20 through p. 48, l. 4; RR p. 60, ll. 12-21; p. 68, ll. 15-19.

The Court of Appeals did not commit any error regarding its disposition of the State's issue regarding the implied consent statute.

**III.  The Court of Appeals never required the officer to anticipate finding probable cause; it merely held the trial court's finding of no exigent circumstances was supported by the evidence.**

---

[1]The State's Motion for Rehearing is still pending in this Honorable Court.

7

The State takes a single sentence from the Court of Appeals' analysis and runs with it to create an imaginary holding that the officer was required to anticipate later finding probable cause. The State's argument completely ignores the real holding of the Court of Appeals. The Court of Appeals simply held the evidence sufficient to support the trial court's finding the State did not prove the existence of exigent circumstances to permit a warrantless draw of the blood.

Along the way, the Court of Appeals noted the trial court stated the State's evidence was insufficient for relying entirely on hypotheticals concerning possible delays in the warrant process and for not showing any actual circumstance for delay in this particular case. Slip op. at 10-11. The Court of Appeals also noted the trial court specifically found the arresting officer did not rely on any exigent circumstance but relied solely on the mandatory draw provision of the statute.

The evidence adduced at the trial court strongly supports the trial court's and Court of Appeals' decisions. None of the officers involved ever tried to get a warrant or even make a call to see how long that would take. RR p. 58, ll. 4-14; RR p. 67, ll. 1-14. The arresting officer testified there was no urgency to get a warrant at any time in the case. RR p. 51, ll. 1-19. Additionally, the arresting officer indicated the defendant was going to be in the hospital for a long time, rendering any argument about delays in the warrant process moot. SX 2, p. 6.

The State's argument also fails to address the issue that the officer notified the defendant at 2:44 that his license was being suspended. DX 2, 4. The blood was taken at 3:34, a 50 minute delay. DX 1.

Finally, the State's argument still fails to address the simple fact that the State never showed anything about the immediate need to take the blood without first obtaining the warrant--no matter whether the circumstances are reviewed from the time of the first contact with the defendant, the time of the license suspension notice, or any hypothetical concerning when probable cause should have arisen. The State never showed how long it would take to get a warrant in this case or how evidence would be lost during the delay. It simply seems to assume that a hypothetical hour delay would be sufficient to create an exigent circumstance. However, one of the most important points gleaned from *McNeely* is that the mere passage of time and the dissipation of alcohol in the blood does not in and of itself create an exigent circumstance to create an exception to the warrant requirement. *Missouri v. McNeely*, 133 S. Ct. 1552, 1562, 185 L. Ed. 2d 696 (2013).

The Court of Appeals committed no error regarding its disposition of the State's issue regarding exigent circumstances.

**IV. The officer's subjective opinion that he didn't need a warrant wasn't merely his subjective opinion; it was the underlying basis for the State having no facts to support the existence of an exigent circumstance.**

The State complains the Court of Appeals allowed the subjective opinion of the arresting officer to cloud its ability to review the objective facts of the case; however, the fact is the State has essentially no facts. The Court of Appeals correctly stated, "Here, there is no evidence that Officer Jordan could not have taken steps to obtain a warrant because he never even considered obtaining one." Slip op. at 12.

The State's problem in this case has always been that the officers determined they didn't need a warrant, so they never bothered to collect the evidence they needed to prove an exigent circumstance existed to permit them to dispense with the warrant requirement. It isn't the Court of Appeals' fault the officers never called for a magistrate. It isn't the Court of Appeals' fault the officer thought he didn't have to call for a magistrate.

The Court of Appeals committed no error regarding its disposition of the State's issue regarding exigent circumstances.

**V. The Court of Appeals and this Honorable Court have correctly determined remand is not necessary for findings of fact.**

10

The State complains that a remand is required for findings of fact, citing *Cullen v. State*, 195 S.W.3d 696 (Tex. Crim. App. 2006). However, the State points to no issue on which there is any factual dispute. The State advanced the same complaint in the Court of Appeals by way of a Motion to Abate, which that court denied. It advanced the same complaint via Petition for Writ of Mandamus, which this Honorable Court denied before Respondent could even file his reply. *In re State of Texas ex rel Mark Skurka*, WR-80,394-01 (October 30, 2013).

Respondent reasserts his position before the Thirteenth Court of Appeals that the trial court clearly stated the bases for its ruling–there was no affirmative act of consent, *McNeely* requires the State to show exigent circumstances on the facts of the case, and the State failed to provide any evidence of any exigent circumstance because the testifying officer kept repeating he simply relied on the statute. There are no disputed fact issues on which the trial court did not expressly explain its position. Hence, there is no need for a remand.

**Prayer**

Respondent respectfully requests this Honorable Court to deny the State's Petition for Discretionary Review. Alternatively, Respondent respectfully requests the right to provide full briefing on the merits, to appear to argue before

11

this Honorable Court, and to make a new prayer for relief in said brief before this

Honorable Court decides the issues presented by the State.

Respectfully submitted,

 /s/ *Donald B. Edwards*
Donald B. Edwards
Attorney for Respondent
State Bar No. 06469050
Law Office of Donald B. Edwards
P.O. Box 3302
Corpus Christi, TX 78463-3302
(361) 774-0962
(361) 887-7009 (fax)

## Certificate of Compliance and Service

I, Donald B. Edwards, certify that I delivered a copy of this reply to the Nueces County District Attorney's Office, attention Mr. Doug Norman, and to the Office of the State Prosecuting Attorney on July 17, 2015, via the State's electronic filing and service system, and that the reply contains 1770 words in those matters not exempted by Rule 9.

 /s/ *Donald B. Edwards*
Donald B. Edwards

**Appendix**

**Texas Transportation Code §724.011**

**Consent to Taking of Specimen**

  (a) If a person is arrested for an offense arising out of acts alleged to have been committed while the person was operating a motor vehicle in a public place, or a watercraft, while intoxicated, or an offense under Section 106.041, Alcoholic Beverage Code, the person is deemed to have consented, subject to this chapter, to submit to the taking of one or more specimens of the person's breath or blood for analysis to determine the alcohol concentration or the presence in the person's body of a controlled substance, drug, dangerous drug, or other substance.

  (b) A person arrested for an offense described by Subsection (a) may consent to submit to the taking of any other type of specimen to determine the person's alcohol concentration.

Acts 1995, 74th Leg., ch. 165, § 1, eff. Sept. 1, 1995. Amended by Acts 1997, 75th Leg., ch. 1013, § 32, eff. Sept. 1, 1997.


**Texas Transportation Code §724.012**

**Taking of Specimen**

  (a) One or more specimens of a person's breath or blood may be taken if the person is arrested and at the request of a peace officer having reasonable grounds to believe the person:

  (1) while intoxicated was operating a motor vehicle in a public place, or a watercraft; or

  (2) was in violation of Section 106.041, Alcoholic Beverage Code.

(b) A peace officer shall require the taking of a specimen of the person's breath or blood under any of the following circumstances if the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle or a watercraft and the person refuses the officer's request to submit to the taking of a specimen voluntarily:

(1) the person was the operator of a motor vehicle or a watercraft involved in an accident that the officer reasonably believes occurred as a result of the offense and, at the time of the arrest, the officer reasonably believes that as a direct result of the accident:

(A) any individual has died or will die;

(B) an individual other than the person has suffered serious bodily injury; or

(C) an individual other than the person has suffered bodily injury and been transported to a hospital or other medical facility for medical treatment;

(2) the offense for which the officer arrests the person is an offense under Section 49.045, Penal Code; or

(3) at the time of the arrest, the officer possesses or receives reliable information from a credible source that the person:

(A) has been previously convicted of or placed on community supervision for an offense under Section 49.045, 49.07, or 49.08, Penal Code, or an offense under the laws of another state containing elements substantially similar to the elements of an offense under those sections; or

(B) on two or more occasions, has been previously convicted of or placed on community supervision for an offense under Section 49.04, 49.05, 49.06, or 49.065, Penal Code, or an offense under the laws of another state containing elements substantially similar to the elements of an offense under those sections.

(c) The peace officer shall designate the type of specimen to be taken.

(d) In this section, "bodily injury" and "serious bodily injury" have the meanings assigned by Section 1.07, Penal Code.

Acts 1995, 74th Leg., ch. 165, § 1, eff. Sept. 1, 1995. Amended by Acts 1997, 75th Leg., ch. 1013, § 33, eff. Sept. 1, 1997; Acts 2003, 78th Leg., ch. 422, § 1, eff. Sept. 1, 2003; Acts 2009, 81st Leg., ch. 1348, § 18, eff. Sept. 1, 2009.


**Texas Transportation Code §724.013**

**Prohibition on Taking Specimen if Person Refuses; Exception**

Except as provided by Section 724.012(b), a specimen may not be taken if a person refuses to submit to the taking of a specimen designated by a peace officer.

Acts 1995, 74th Leg., ch. 165, § 1, eff. Sept. 1, 1995.